[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 26, 2010
JOHN LEY
CLERK

No. 09-14414
Non-Argument Calendar

_____

D. C. Docket No. 03-00491-CR-7-LSC-JEO

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TRENT WOODARD,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(March 26, 2010)

Before CARNES, MARCUS and FAY, Circuit Judges.

PER CURIAM:

Trent Woodard appeals his 24-month sentence, which was imposed after the revocation of his supervised release. Woodard argues that his sentence, which resulted from an upward variance from the applicable guideline range, was both procedurally and substantively unreasonable. For the reasons set forth below, we affirm.

## I.

In 2004, Woodard was convicted of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). He was sentenced to 15 months' imprisonment, followed by 36 months of supervised release. Woodard was subject to certain conditions of supervised release. Specifically, he was required to (1) refrain from committing another federal, state, or local crime; (2) refrain from possessing, using, distributing, or administering any narcotic or other controlled substance; and (3) participate in the probation office's drug and alcohol counseling program. Woodard was released from prison on February 3, 2006 and began serving his 36 months of supervised release.

On August 27, 2008, Woodard's probation officer filed a petition to revoke Woodard's supervised release. The petition alleged that Woodard violated the conditions of his supervised release by using a controlled substance, failing to report to the probation office for drug testing, and failing to participate in the

probation office's mandatory drug education/counseling program.

On November 10, 2008, the district court revoked Woodard's supervised release and sentenced him to a one-hour term of imprisonment, followed by 23 months of supervised release.

On July 22, 2009, Woodard's probation officer again filed a petition to revoke Woodard's supervised release. The petition alleged that Woodard violated the conditions of his supervised release by being arrested on July 17, 2009 for distribution of marijuana, possession of marijuana, and possession of cocaine.

At Woodard's revocation hearing, Phillip Myers, a narcotics investigator for the state of Alabama, testified that an informant working for police purchased 2.1 grams of marijuana from Woodard on July 1, 2009, and 2.4 grams of marijuana from Woodard on July 7, 2009. Both transactions were audio and video recorded. On July 17, 2009, officers searched Woodard's home and seized 22 grams of marijuana and 3 grams of cocaine.

The court found that Woodard had violated his supervised release by committing the narcotics offenses set forth in the revocation petition. It noted that the violation was a Grade A violation which, when combined with criminal history category I, yielded an advisory guideline range of 12 to 18 months' imprisonment. It pointed out that, because Woodard was originally convicted of a Class C felony,

3

the statutory maximum penalty was two years' imprisonment.

The government recommended a sentence of 24 months' imprisonment minus the one hour that Woodard had previously served for the first revocation. It noted that Woodard had violated the law three times while on supervised release, in addition to the supervised release violations that resulted in the prior revocation.

Woodard responded that a 12-month term of imprisonment was appropriate, because such a sentence, followed by a term of supervised release, would give him an opportunity to participate in drug treatment. He asserted that the treatment he had received so far had not been effective, although he acknowledged that this "may be totally his fault and not the system's fault."

The court noted that it had previously sentenced Woodard to only one hour of imprisonment so that Woodard would have an opportunity to "do something" with his life. It stated that Woodard had disrespected the court, the system, and himself by committing the present violations. The court sentenced Woodard to 24 months' imprisonment, minus the 1 hour Woodard had previously served after the first revocation of his supervised release.

## II.

We review a sentence imposed after revocation of supervised release for reasonableness. *United States v. Sweeting*, 437 F.3d 1105, 1106-07 (11th Cir.

4

2006). When reviewing for reasonableness, we apply the deferential abuse of discretion standard. *See Gall v. United States*, 552 U.S. 38, 46, 128 S.Ct. 586, 594, 169 L.Ed.2d 445 (2007).

The district court may, after considering certain § 3553(a) factors, revoke a term of supervised release and sentence the defendant to prison. 18 U.S.C. § 3583(e)(3). The factors the district court should consider include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence to afford adequate deterrence to criminal conduct; (3) protecting the public from further crimes of the defendant; (4) providing the defendant with needed educational or vocational training, or medical care; (5) the Sentencing Guidelines range; (6) pertinent policy statements of the Sentencing Commission; (7) the need to avoid unwarranted sentencing disparities; and (8) the need to provide restitution to victims. 18 U.S.C. §§ 3553(a)(1), (2)(B)-(D), (4)-(7), 3583(e).

When reviewing a sentence, we must first determine whether the district court committed a significant procedural error, "such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence-including an

5

explanation for any deviation from the Guidelines range." *Gall*, 552 U.S. at 51, 128 S.Ct. at 597. The district court need not state on the record that it has considered each § 3553(a) factor and it need not discuss each factor. *United States v. Talley*, 431 F.3d 784, 786 (11th Cir. 2005). Even where the district court fails to "explicitly articulate that it had considered the § 3553(a) factors," its explanation is sufficient if it is clear that it did consider a number of the sentencing factors. *United States v. Dorman*, 488 F.3d 936, 944 (11th Cir. 2007) (district court's failure to articulate that it had considered the § 3553(a) factors was not error, in light of its consideration of defendant's objections and motion for downward departure, which implicated a number of factors). If we conclude that the district court made no procedural errors, we "then consider the substantive reasonableness of the sentence imposed." *Gall*, 552 U.S. at 51, 128 S.Ct. at 597.

There is a "range of reasonable sentences from which the district court may choose." *Talley*, 431 F.3d at 788. The challenger "bears the burden of establishing that the sentence is unreasonable in the light of both [the] record and the factors in section 3553(a)." *Id.* The district court must explain an unusually lenient or harsh sentence with sufficient justification. *Gall*, 552 U.S. at 46, 128 S.Ct. at 594.

The maximum term of imprisonment for revocation of supervised release is two years where the offense that resulted in the supervised release was a Class C

felony. 18 U.S.C. § 3583(e)(3). The guidelines recommend 12 to 18 months' imprisonment for a Grade A violation for a defendant with a criminal history category of I. U.S.S.G. § 7B1.4(a).

### III.

The district court did not abuse its discretion in sentencing Woodard to 24 months' imprisonment. The court correctly calculated the applicable guideline range and applied the guidelines in an advisory fashion. *See Gall*, 552 U.S. at 51, 128 S.Ct. at 597; U.S.S.G. § 7B1.4(a). Although the court did not explicitly state that it had considered the § 3553(a) sentencing factors, it was not required to make such a statement, and the court's discussion of its reasons for imposing the 24-month sentence showed that it adequately considered the § 3553(a) factors. *See Dorman*, 488 F.3d at 944; *Talley*, 431 F.3d at 786. In imposing Woodard's sentence, the court noted that it had previously sentenced Woodard to only one hour of imprisonment so that he could "do something" with his life. The court also heard testimony that Woodard's present violation included engaging in two narcotics transactions with an undercover informant. Thus, the record shows that the court considered Woodard's history and characteristics, as well as the nature and circumstances of the offense – particularly, that Woodard's most recent offenses were committed after the court had already given Woodard a lenient

sentence for his first supervised release revocation. *See* 18 U.S.C. §§ 3583, 3553(a)(1). The court's statement that Woodard had committed the present offenses after receiving a lenient sentence, as well as its consideration of the government's argument that Woodard had violated the law three times while on supervised release, indicates that the court considered the need to provide adequate deterrence. *See* 18 U.S.C. §§ 3553(a)(2)(B), 3583. Finally, the record shows that the court considered Woodard's argument that any sentence should take into account his need for drug treatment. *See* 18 U.S.C. § 3553(a)(2)(D) (instructing the court to consider the need "to provide the defendant with . . . medical care, or other correctional treatment"). Accordingly, although the district court did not explicitly state that it had considered the § 3553(a) sentencing factors, the record indicates that it adequately considered the pertinent factors. The district court also adequately explained its reasons for imposing a sentence above the applicable guideline range. *See Gall*, 552 U.S. at 46, 51, 128 S.Ct. at 594, 597. The district court's statements indicate that the upward variance was based on Woodard's failure to "do something" with his life after previously receiving a lenient sentence, as well as Woodard's disrespect for the court system. Accordingly, the district court's imposition of sentence was procedurally reasonable.

The 24-month sentence was also substantively reasonable. Woodard's

supervised release had previously been revoked for multiple drug-related violations. Woodard effectively received a "second chance," as he was sentenced to only one hour imprisonment for these violations. The present supervised release violation involved three separate drug related incidents – two separate controlled buys and the seizure of narcotics in Woodard's residence during a search. Based on these repeated violations, all of which involved narcotics, the district court did not err in determining that an upward variance was necessary to reflect the nature and circumstances of the offense, Woodard's history and characteristics, the need for deterrence, and the need to protect the public from future crimes. *See* 18 U.S.C. §§ 3553(a)(1), (a)(2)(B)-(C), 3583. Furthermore, although Woodard indicated that a shorter sentence would enable him to receive drug counseling, Woodard himself noted that the ineffectiveness of previous drug treatment programs "may be totally his fault." As noted in the probation office's first revocation petition, Woodard had, in fact, failed to take advantage of previous drug treatment programs. Accordingly, because the district court did not abuse its discretion in sentencing Woodard to 24 months' imprisonment, we affirm his sentence.

**AFFIRMED.**